IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR 04-30050-AA |
| v. | OPINION AND ORDER |
| GONZALO HERNANDEZ-VEGA, | |
| Defendant. | |

Aiken, Judge:

Defendant was charged by Second Superseding Indictment with unlawful reentry in violation of 8 U.S.C. § 1326(a), distribution and possession with intent to distribute fifty or more grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and conspiracy to distribute over fifty grams of actual methamphetamine in violation of 21 U.S.C. § 846. The Second Superseding Indictment also alleged that defendant committed each offense after a prior felony conviction for distribution of a controlled substance became final on November 24, 1999.

1    - OPINION AND ORDER

On September 14, 2005, the government filed an Information Pursuant to 21 U.S.C. § 851, notifying defendant of its intent to rely on his 1999 conviction to increase the applicable mandatory minimum sentence if defendant was convicted on any drug charge.

On October 21, 2005, after trial by jury, defendant was found guilty on all counts. Based on the quantity of methamphetamine involved, defendant is subject "to a term of imprisonment which may not be less than 10 years or more than life . . . ." See 21 U.S.C. § 841(b)(1)(A). However, the applicable mandatory minimum sentence increases to twenty years in light of defendant's 1999 conviction. Id. ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .").

Defendant moves to dismiss the government § 851 Information on grounds that consideration of his prior conviction for purposes of increasing the mandatory minimum sentence violates his rights under the Fifth and Sixth Amendments. Additionally, defendant denies the validity of his 1999 conviction and argues that it may not be considered for sentencing purposes.

A. Motion to Dismiss

Before a mandatory minimum sentence is increased under 21 U.S.C. § 841(b) for a prior felony drug conviction, the government must file an information in accordance with 21 U.S.C. § 851(a)(1).

The information provides defendant with notice of the prior conviction on which the government intends to rely so that the defendant may challenge the prior conviction. 21 U.S.C. § 851(b). If a defendant contests the validity of the conviction, "[t]he court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment." Id. § 851(c)(1).

Defendant argues that § 851 violates the Grand Jury Presentment Clause under the Fifth Amendment and his right to jury under the Sixth Amendment, because it authorizes the court to make factual findings regarding the validity of his prior conviction. Thus, defendant argues that the court may not rely upon his prior conviction to increase the applicable mandatory minimum sentence.

However, the Supreme Court has ruled repeatedly that a prior conviction is a sentencing factor rather than an element of an offense and need not be charged in the indictment, presented to the jury, or proven beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 247-48 (1998); see also United States v. Booker, 125 S. Ct. 738, 756 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); United States v. Weiland, 420 F.3d 1062, 1079 & n.16 (9th Cir. 2005) (noting that Almendarez-Torres remains controlling law); United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir. 2005) (reviewing § 841(b) mandatory life sentence post-Booker and concluding that the jury need not have found facts of prior convictions); United States v. Wilson, 244 F.3d 1208, 1216-17 (10th Cir. 2001) (fact of prior conviction need not be submitted to jury).

Furthermore, I find defendant's argument foreclosed by the Supreme Court's ruling in Harris v. United States, 536 U.S. 545 (2002). There, the Court considered whether a "sentencing factor" - the brandishing of a firearm - that raised the applicable mandatory minimum was an element of the offense and subject to the proof and jury requirements of the Fifth and Sixth Amendments. Id. at 551. While the Court recognized that "any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime - and thus the domain of the jury," it found that "[t]he same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding." Id. at 557; see also McMillan v.

Pennsylvania, 477 U.S. 79, 87-88 (1986) (sustaining state statute that increased the minimum penalty for a crime when the sentencing judge found by a preponderance of the evidence that the defendant possessed a firearm; the statute "neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty"); United States v. Dare, 425 F.3d 634, 639-40 (9th Cir. 2005) (increase in mandatory minimum from five to ten years does not implicate Fifth or Sixth Amendments when statutory maximum was life imprisonment; "under Harris, the district court could have sentenced Dare to *any* sentence within the range of five years to life without further fact finding"); United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005) (stating that "Booker does not bear on mandatory minimums").[1]

Even if defendant's prior conviction serves to increase the applicable minimum sentence, the maximum sentence remains life imprisonment. Thus, consideration of defendant's prior conviction for purposes of sentencing under § 841(b)(1)(A) does not increase "the penalty for a crime beyond the prescribed statutory maximum" or "expose[] . . . defendant to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone." Apprendi, 530 U.S. at 483, 490 (2000).

Accordingly, I find that consideration of defendant's prior

---

[1] Notably, the mandatory minimum sentences imposed in Harris and Dare were based on sentencing factors other than a prior conviction. Harris, 536 U.S. at 551; Dare, 425 F.3d at 637-38.

conviction for sentencing purposes under §§ 841(b) and 851 does not violate the Fifth or Sixth Amendments.

B. Denial of Validity of § 851 Information

Defendant also contests the validity of his 1999 conviction. Defendant argues that his conviction was imposed in violation of Oregon law because the sentencing court failed to advise defendant that his conviction may result in deportation, exclusion from admission to the United States, and/or denial of naturalization. Defendant further contends that his conviction was obtained in violation of his Sixth Amendment right to counsel, because his attorney failed to investigate the case, advise defendant of potential defenses, or advise defendant of the immigration consequences of his guilty plea.

Although § 851(c) permits a defendant to collaterally attack a prior conviction used to enhance his sentence, no collateral challenge may be made if the prior conviction is more than five years old. See 21 U.S.C. § 851(e). The government thus maintains that defendant is precluded from challenging the validity of his prior conviction, because it became final on November 24, 1999, more than five years before the government's § 851 Information was filed on September 14, 2005.

Defendant nonetheless argues that the limitations provision does not apply to the facts of this case under the principles of relation back, equitable tolling, and estoppel. Essentially,

defendant argues that the limitations period under § 851(e) began to toll when defendant was first charged with federal drug violations in a Superseding Indictment dated November 5, 2004. Further, defendant argues that application of the limitations provision would deprive him of due process and equal protection of the law. I disagree.

Section 851(e) provides: "No person who stands convicted of an offense under this party may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the *date of the information* alleging such prior conviction." (Emphasis added.) Under the plain language of the statute, the date of the information does not "relate back" to the date of the original indictment charging a federal drug offense. Consequently, the limitations period under § 851(e) does not begin to toll until the government files its information pursuant to § 851(a)(1).

Further, I do not find that the government is estopped from relying on defendant's prior conviction when § 851 permits the government to file an information at any time prior to trial or entry of plea. 21 U.S.C. § 851(a)(1) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial, or before entry of a plea of guilty*, the United States attorney files an information with the court . . .

.") (emphasis added).

Finally, numerous courts have found that the limitations period under § 851(e) does not violate a defendant's right to due process or equal protection. See, e.g., United States v. Labrada-Bustamante, 428 F.3d 1252, 1265 (9th Cir. 2005); United States v. Henderson, 320 F.3d 92, 103-04 (1st Cir. 2003) (citing cases); United States v. Davis, 36 F.3d 1424, 1438-39 (9th Cir. 1994); United States v. Williams, 954 F.2d 668, 673 (11th Cir. 1992).

It is undisputed that defendant's prior conviction was rendered final more than five years prior to the date on which the government filed its information. Therefore, defendant is precluded from collaterally attacking his 1999 conviction for distribution of a controlled substance.

## CONCLUSION

Defendant's Motion to Dismiss (doc. 46) is DENIED. Further, the limitations period under 21 U.S.C. § 851(e) precludes defendant from contesting the validity of his 1999 conviction for distribution of a controlled substance.

IT IS SO ORDERED.

Dated this 7 day of February, 2006.

_____
Ann Aiken
United States District Judge